CLARKE, executor, *v.* JOHNSON.

GILBERT, J. None of the grounds of the motion for new trial show cause for a reversal; nor was it error to refuse to grant a nonsuit.

*Judgment affirmed. All the Justices concur.*

No. 5775. MARCH 17, 1927.

Complaint. Before Judge Ellis. Fulton superior court. November 25, 1926.

Corrie Johnson filed a petition against Peter F. Clarke, as executor of the will of Susan A. McGuirk, alleging that the testatrix died leaving a will which had been duly probated in the court of ordinary and a copy of which was attached to the petition; that under item 4 of said will, which reads: "To the person or persons who may take care of me in my old age and with whom I may be living at the time of my death, I give the sum of five thousand dollars ($5000.00), less such payments as I may have made to such person or persons during my life," petitioner was entitled to a special bequest of $5000, as she did comply

Executors and Administrators, 24 C. J. p. 518, n. 91.

with the terms and conditions set out therein; and that Clarke, the executor, had in his hands funds with which to pay said bequest, but that he failed and refused to do so. Petitioner prayed for judgment. The defendant answered, denying that plaintiff was entitled to the bequest, admitting that the assets of his testatrix were in his hands, but denying they were in cash, and admitting the other allegations of the petition.

The plaintiff, on the trial, introduced evidence tending to establish the allegations of the petition. She testified that her husband lived in the home of testatrix from a youth; that after the marriage of plaintiff the relationship continued; that often the children of petitioner would spend nights at the home of testatrix, who was in ill health, one of her daughters making it a practice to spend much time with testatrix on account of frequent spells of sickness, and the practice being to telephone plaintiff at all hours of night, when she would go to the bedside of the ill woman; that this relationship continued for eight years; that "she sent for me the morning after Thanksgiving, that is the time she took her last bad spell and never recovered, and I went there then and stayed with her until she died;" that a negro woman stayed with testatrix for about six months prior to this Thanksgiving, but after that date plaintiff lived in the house with testatrix for an ensuing period of two months until her death. There was testimony by the daughter of plaintiff and the negro woman, tending to further establish the contentions of the petitioner. The executor testified he thought the value of the estate to be near $25,000, of which some $14,000 was in real estate. The defendant offered no other evidence, but upon completion of the evidence offered by plaintiff he moved the court to grant a nonsuit. The court overruled this motion. The court charged the jury, which returned a verdict finding for the plaintiff the sum of $5000, "according to section 4 of said will." The defendant moved for a new trial on the general grounds, and on the ground that there was no issue of fact in the case and no question for the jury, "but that the only issue was one involving a construction of an item of the will of Mrs. Susan F. McGuirk, which should have been determined by the court, and should not have been left to a jury." The motion for new trial was overruled. To this judgment, and to the refusal of a nonsuit, the defendant excepted.

*Candler, Thomson & Hirsch,* for plaintiff in error.

*Colquitt & Conyers, V. B. Moore,* and *Frank C. Tindall,* contra.